UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>  Plaintiff.<br><br>vs.<br><br>MILEY ROSE ARNETT<br><br>  Defendant. | Case No.: CR-10-76-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

On or around March 29, 2010, in the District of Arizona (Case No. 09-CR-00904), defendant Arnett executed a Consent to Transfer under Rule 20, agreeing to plead guilty to the offense charged and to consent to the disposition of her case in the District of Idaho.  Subsequently, however, Arnett pled guilty to Count One of the Indictment before U.S. Magistrate Judge Michelle H. Burns – in the District of Arizona, not in the District of Idaho.

On April 7, 2010, Magistrate Judge Ronald E. Bush of this District conducted a status conference in the above-captioned matter, and expressed his concerns.  He observed that there is no question that a prosecution may be

**MEMORANDUM DECISION & ORDER – PAGE 1**

transferred from one district to another for disposition – specifically, to render a plea and be sentenced. *See Fed.R.Crim. P. 20*. However, it is not clear whether Rule 20 permits a defendant to plead guilty in one district, only to be transferred to another district for sentencing. Judge Bush questioned whether this Court has the jurisdiction to sentence Arnett, and cited *U.S. v. Lovell*, 81 F.3d 58 (7th Cir. 1996): "[T]here is no authority under Rule 20 (or elsewhere for that matter) for a district court to accept a guilty plea from a party and then transfer the case to a different jurisdiction for sentencing."

Judge Bush also cited a case from the District of Kansas, addressing a similar issue, finding: "Upon review of Fed. R. of Crim. P. 20, . . . the Court can find no authority for this Court to transfer a case *after* pleading and *before* sentencing. Usually, transfer for a case is done before the defendant pleads guilty to charges." *See U.S. v. Schroeder*, 2009 WL 4663256, *1 (D. Kan. 2009) (italics in original). There, the district court ultimately denied the parties' joint motion regarding venue and transfer of case for sentencing. *See id*.

Judge Bush acknowledged some distinguishing factors between those cases and this one, and ordered further briefing. Meanwhile, the case was transferred to this Court.

The Court shares Judge's Bush's concerns; typically, the Court would order

**MEMORANDUM DECISION & ORDER – PAGE 2**

further briefing. However, there is a practical solution that will avoid a legal ruling and its inevitable delay: The Court will order that the plea be re-taken in this District as clearly contemplated by Rule 20.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Clerk set this matter for the taking of a plea before United States Magistrate Judge Ronald E. Bush pursuant to the transfer to this District under Federal Rule of Criminal Procedure 20.



DATED:  **May 12, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION & ORDER – PAGE 3**